SARAH LIBEROFF, Plaintiff, v. SECURITY MUTUAL LIFE INSURANCE COMPANY, Defendant.

First Department, March 16, 1934.

*Edward L. Mollis* of counsel [*David M. Freedman* with him on the brief; *Mollis & Seigel*, attorneys], for the plaintiff.

*D. I. Rosenblum* of counsel [*Rosenblum & Rosenzweig*, attorneys], for the defendant.

MERRELL, J. The defendant, a duly organized domestic mutual life insurance company, issued and delivered to one Abraham Liberoff a policy whereby the defendant agreed to pay $5,000 in the event of death of said assured and the further sum of $5,000

in case the insured died as the result of an accident, and the sum of $50 a month during the life of the said assured in case he became totally and permanently disabled. The beneficiary named in the policy was Sarah Liberoff, the plaintiff, who was the wife of said assured. Under the terms of the policy, which was dated January 16, 1928, we find the following provisions: " In consideration of the payment of $15.90 it is agreed that the period between the date of this policy and Mch 14–1928 shall be covered by term insurance only; that on payment of the premium specified in this policy due Mch 14, 1928, all benefits, privileges and conditions whatsoever, herein expressed, shall be of the same force and effect as if this policy had been originally issued on said last named date.

" It is further agreed, if the insured herein shall die during said period, that one full annual premium, less any payment made as above specified, shall be deducted from the proceeds of this policy."

Abraham Liberoff, the assured, died on April 18, 1933, while said policy was in full force and effect. The policy provided as to the insurance payable in the event of death of the assured, as follows: " This insurance is granted in consideration of the payment of the annual premium of Two hundred fifty-three and 25/100 dollars and of the payment of a like sum upon each 14th day of March, hereafter until twenty eight full years' premiums shall have been paid or until the prior death of the insured."

And, as to the payment in the event of such death, the policy provided, as follows: " Upon  *  *  *  the death of said insured prior to said maturity date (March 14, 1956), provided all premiums have been duly paid, the Company agrees to pay Five Thousand Dollars to Sarah Liberoff, his wife (additional beneficiaries were duly eliminated by designation of the insured) (with the right reserved to the insured to change the beneficiary), less any indebtedness hereon to the Company and less any unpaid portion of the premium for the then current policy year."

As to the payment of premiums, the policy also provided, as follows: " The premium is always considered as payable annually in advance but  *  *  *  may be payable in semi-annual or quarterly installments  *  *  *."

The provisions of the policy with relation to the death of the assured by accident are not involved in the present controversy.

The policy provided benefits in the event that the assured became totally and permanently disabled, and provided that said disability benefits were to be paid in consideration of an annual premium of $30.60. These benefits were as follows:

"(1) Waiver of Premium — The Company will waive the payment of any premium thereafter falling due under said policies

during the period of such total and permanent disability, the premium waived to be the annual, semi-annual or quarterly premium according to the mode of payment in effect when disability occurred. The Company will in addition return any premium or premiums paid within the period prior to proof of disability during which monthly income payments are made, as hereinafter provided.

"(2) Income to Insured — The Company will pay to the insured a monthly income of Ten Dollars for each One Thousand Dollars of the face amount of said Life Insurance Policy for each completed month from the commencement of and during the period of such total and permanent disability, except that in no case shall such payments begin as of a date more than six months prior to the date of receipt of due proof of disability."

The policy also made provision, in case of recovery of the assured prior to reaching sixty years of age, as follows: " If the insured recovers from such disability before reaching the age of sixty years, no further premiums shall be waived and no further monthly payments shall be made, and this Total Disability Policy and said Life Insurance Policy may be continued by the payment of premiums thereafter falling due under the terms of said policies; provided, however, that this Total Disability Policy may not be so continued after the termination. of said Life Insurance Policy. If such recovery occurs after age sixty, the said Life Insurance Policy may be continued as aforesaid, unless prior to the date of said recovery it has matured as an Endowment, but in any event this Total Disability Policy shall thereupon become null and void and the premium required hereunder shall at once cease to be payable."

The policy also provided that: " In making settlement under said Life Insurance Policy the Company will not deduct any part of the premiums waived or monthly income paid hereunder and after approval of any disability claim hereunder the dividends, loan and surrender values shall be the· same as if the waived premiums had been duly paid."

It had been the practice of the insured to pay the premiums under his policy in quarter-annual installments. In the agreed statement of facts the parties stipulated that on February 1, 1932, the assured became totally and *permanently* disabled. Such disability continued until his death, which occurred on April 18, 1933. Prior to his becoming totally and permanently disabled and on December 14, 1931, the assured paid the quarterly installment of the premiums under his policy for the quarter commencing December 14, 1931, and ending March 14, 1932. Under the terms of the policy the company refunded to the assured the quarter-annual premium which he had paid, prior to the company's acceptance of

the disability claim, for the quarter beginning March 14, 1932. This was the last premium payment on the policy and the latest period for which premium payment was made on the policy. The company paid the assured fifty dollars a month for each full month of the period of his disability, and until the date of his death. After the refund of the quarterly installment for the quarter beginning March 14, 1932, the company waived the quarter-annual payments which would have been payable, after the total disability of the assured, on June 14, 1932, September 14, 1932, December 14, 1932, and March 14, 1933. The waiver of the quarter-annual payment of the premium due March 14, 1933, was the last waiver made by the defendant. On making payment on the death claim to the widow of the assured, the company deducted $212.89 as premium for the last three-quarters of the policy year during which the assured died, to wit, for the quarter-years beginning on the 14th days of June, September and December, 1933.

The controversy between the parties submitted to this court for determination is whether the defendant was entitled, in making said payment to the plaintiff of the death claim, to make deduction of the premium for the last three-quarters of the policy year during which the assured died.

While it is true that, under the provisions of the policy for the payment to the beneficiary of the insurance upon her husband's death, it was provided that the company was to pay $5,000 to the beneficiary, the wife of the assured, " less any unpaid portion of the premium for the then current policy year," we are, nevertheless, of the opinion that the clause above quoted was insufficient to justify the defendant in deducting any portion of the unpaid premium for the policy year in which the assured died. While it is true that of the premium for the then current policy year there remained unpaid three-fourths of said annual premium at the time of the death of the assured, nevertheless, under the terms of the policy and under the stipulation of the parties, the unpaid portion of the premium never became payable. The parties stipulated that from and after February 1, 1932, " the insured became totally and permanently disabled." Such total disability continued until the time of his death. Therefore, it seems to us that there was no unpaid portion of the premium due to the company for the current policy year in which the assured died. In short, the parties having stipulated that the assured was " totally and *permanently* disabled," such disability continued until the death of the assured and, therefore, had the assured lived the entire current policy year, the defendant would have been unable to collect any portion of the premium for that year. The policy was issued by the defendant in considera-

tion of the payment of an annual premium. By the indulgence of the defendant the assured was permitted to pay said annual premium in quarterly installments. Had the assured not become totally disabled and had died, while in the full possession of his faculties, on April 18, 1933, unquestionably, under the terms of the policy, the defendant would have been entitled to deduct from the insurance paid to the beneficiary such portion of the premium for the then current policy year which the assured had not paid. But where, as here, the company, under the terms of the policy, was bound to waive the payment of premiums during the disability of the assured, and the defendant having stipulated that, at the time of the death of the assured, he was totally and *permanently* disabled, there was no unpaid part of the premiums for the current policy year at the time of the death of the assured.

We are, therefore, of the opinion that the defendant improperly made any deduction for " unpaid " premium for the current policy year in which the assured died. Under the stipulation the plaintiff should have judgment against the defendant for the sum of $212.89, the amount deducted from the insurance paid to the plaintiff, but without interest or costs.

FINCH, P. J., MARTIN, O'MALLEY and UNTERMYER, JJ., concur.

Judgment directed for plaintiff in the sum of $212.89, the amount deducted from the insurance paid to the plaintiff, but without interest or costs. Settle order on notice.